## CONRAD and others *vs.* MULLISON and CONRAD.

1. A mortgagee holding a first mortgage, agreed with the mortgagor that he would look entirely to the mortgage for the payment of the debt, and would hold the bond, with warrant of attorney to confess judgment, as evidence of the debt only, but, in violation of his agreement, he caused judgment to be entered against the mortgagor on the bond, and collected the full amount of the debt. A later owner of the premises gave a second mortgage. The master, under the reference in a suit to foreclose the second mortgage, reported the first paid off, and the second the only encumbrance. The former owner only learned of the suit after entry of the final decree. On his petition, setting forth the foregoing (among other) facts, and claiming to be subrogated to the rights of the first mortgagee under his mortgage (held by the petitioner uncancelled), the enrollment was ordered to be vacated, the final decree opened, and the petitioner made a party defendant in respect of the claim of subrogation, with leave to answer and file a cross-bill.

2. The sheriff will not be permitted to proceed to sale under the execution, and the hearing of the petitioner's claim be deferred and determined in disposing of the proceeds of sale, under the act of March 17th, 1870. The complainants' right to priority is disputed.

3. In a case like this, the practice does not require that the petitioner submit his proposed answer or bill to the court that it may judge of it, before he is permitted to file it. All that can be reasonably required is,

that the applicant shall, by petition, specifically state such facts, duly verified, as will satisfy the court that he has a *bona fide* claim to such an interest as entitles him to be made a party to the suit.

4. That the petitioner's claim to an interest in the cause is not only denied in the suit, but has been passed upon adversely to him in litigations between him and the holder of such first mortgage in another state, upon the same subject matter, is a point going to the merits of the controversy, which the court will not undertake to determine on this application.

On petition of Osborn Conrad, that the final decree be opened, and he made a party defendant, with leave to answer or file a cross-bill.

*Mr. A. Browning,* for petitioner.

*Mr. P. L. Voorhees,* for complainants, contra.

THE CHANCELLOR.

The bill is filed for the foreclosure and sale of certain mortgaged premises—a farm in Camden county. It states that the defendant, Mullison, September 5th, 1862, gave to John Conrad (since deceased), Henry Conrad, Jacob Conrad, Benjamin R. Conrad (also since deceased), and Sarah Yerkes, his bond, secured by mortgage on the farm, for $5000, and interest; that previously, the petitioner, Osborn Conrad, being the owner in fee of the property, executed a mortgage thereon to "one Henry Conrad" (really the complainant of that name), to secure the payment of $4000 and interest, the priority of which latter mortgage is admitted, and it is treated as a valid encumbrance, the complainant, Henry Conrad, being incongruously made a defendant, as the holder of it.

The bill having been taken as confessed, there was an order of reference. The master reported that the first mortgage had been paid off, and that the second was the only encumbrance, and that there was due on it $6535. A final decree was entered, adjudging accordingly. The sale under

the execution was stayed, pursuant to the prayer of the petition.

The petition states that the petitioner first learned of the existence of the suit a few days before filing the petition; that by an agreement between him and Henry Conrad, evidenced by a sealed instrument, dated June 15th, 1863, and signed by the latter, Henry Conrad, then the owner of the first mortgage, for sufficient consideration, agreed with him that he would look entirely to the mortgage on the farm for the payment of the $4000 and interest thereon, secured by that mortgage, and would hold the bond and its accompanying warrant of attorney to confess judgment upon it, as evidence of the debt only, and not to be used otherwise than with the mortgage; that afterwards, and in or about March, 1868, Henry Conrad, in violation of his agreement, caused judgment to be entered in his favor, against the petitioner, in the District Court for the city and county of Philadelphia, on the bond, for $4000, and by means of an execution thereon, compelled him to pay the debt; and that he accordingly, on or before February 14th, 1873, (the bill was filed November 29th, 1872,) paid to Henry Conrad's attorney in the judgment, $5347.33, the full amount, debt, interest, and costs, of the judgment.

The petitioner claims that, under the circumstances, he is entitled to be subrogated to all the rights of Henry Conrad to and under the bond and mortgage which he holds uncancelled, they having been delivered to him by the attorney of Henry Conrad, at the time of paying off the judgment.

Testimony to be used on the hearing of this motion has been taken by the complainants and the petitioner. No answer was filed to the petition. The evidence sustains the petition so far as is necessary for the purposes of this application.

It is insisted, however, on the part of the complainants, that if the petitioner be permitted to intervene, it should be under and in accordance with the provisions of the act of March 17th, 1870, (*Pamph. L.* 40,) and the sheriff should

be permitted to proceed to sale under the execution, and the petitioner's claim be heard and determined, in disposing of the proceeds of sale. It is enough, on this point, to say that the complainants' right to priority, as established by the final decree, is disputed by the petitioner.

Again, it is urged that the petitioner must, before he can be admitted to answer, or permitted to file a cross-bill, submit his proposed answer or bill to the court, that it may judge of it. The practice does not require it. In the cases cited by counsel, the applicants were defendants in excusable laches, asking to be allowed to answer. In such a case as this, all that can reasonably be required is, that the applicant shall, by petition, specifically state such facts, duly verified, as will satisfy the court that he has a *bona fide* claim to such an interest as entitles him to be made a party to the suit.

The further objection is made, that the petitioner's claim to an interest in the cause is not only denied here, but has been passed upon adversely to him, in litigations between him and Henry Conrad, in Pennsylvania, upon the same subject matter. The court will not, on this application, undertake to determine the merits of the controversy.

The petitioner is entitled to an opportunity to set up and establish his claim.

The enrollment will be vacated, and the final decree opened, and the petitioner will be made a party defendant in respect of the claim of subrogation, with leave to answer and to file a cross-bill, if so advised.

There are obvious defects of parties to the suit. The complainants have leave to amend in these respects.